Argued October 8, affirmed November 8, 1968

STATE OF OREGON, *Respondent, v.*
KENNETH FREDRICK DOWNING,
*Appellant.*
446 P. 2d 519

*Kenneth C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Donald R. Blensly,* District Attorney, McMinnville, argued the cause and filed a brief for respondent.

Before McALLISTER, Presiding Justice, and O'CONNELL and DENECKE, Justices.

McALLISTER, J.

The defendant was convicted in Yamhill county of burglary not in a dwelling, and appeals from a seven-year sentence to the penitentiary.

Defendant's brief contains three assignments of error, only one of which need be mentioned here. It alleges that the trial court erred in denying defendant's motion for access to a law library or to legal materials so that he might assist in his defense. A brief resume of the pertinent facts will provide the background for this assignment.

During the early hours of May 7, 1967, defendant with three confederates broke into a warehouse in Carlton to steal therein, and was caught in the act. On May 11, he was given a preliminary hearing in the district court, at which he was represented by a court appointed attorney, George Frum. Defendant was indicted on May 16, 1967, and arraigned the following day. At defendant's request, the circuit court appointed Mr. Frum to represent defendant in that court. Defendant was unable to post bail of $5,000, and while awaiting trial was held in the Yamhill county jail.

On July 12, 1967, the defendant appeared in court with his counsel and requested that he be given access, either in the jail or in the law library in the courthouse, to the criminal law and procedure sections of the Oregon Revised Statutes, a set of Oregon Reports and Advance Sheets, the U. S. Constitution, with an-

notations, and a set of the Reports of the Supreme Court of the United States. The denial of this motion is assigned as error.

■■ Neither in the trial court nor in this court has there been even a suggestion that the failure to furnish defendant access to a law library or legal material resulted in any prejudice to his right to a fair trial or the impairment of any other right under the Constitution of the United States or the Constitution of Oregon. No reason was given why his access to a law library was necessary in the preparation of his case for trial, and none occurs to us. From his preliminary hearing until his trial and conviction, defendant was represented by competent counsel, and the record indicates that his attorney was in frequent communication with defendant. In the absence of a showing of a need therefor, due process does not require that an accused awaiting trial, who is represented by counsel, also have access to a law library.[1]

We have also considered the other two assignments of error, as well as the numerous "issues" included in the brief at the request of the defendant. None has merit and the judgment of the court below is affirmed.

[1] For cases and authorities considering the right of a convicted prisoner in a penal institution to have access to legal materials and the courts, see Hatfield v. Bailleaux, 290 F2d 632 (9th Cir 1961), cert. den. 368 US 862, 82 S Ct 105, 7 LEd2d 59; Gilmore v. Lynch, No. 22,052, 400 F2d 228 (9th Cir August 19, 1968); IV Calif Western L Rev 99 (1968).